**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 18-170 |
| | ) | Judge Nora Barry Fischer |
| MICHAEL JOSEPH HAMLETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

In this case, Defendant Michael Joseph Hamlett is charged with one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), on or about July 22, 2017. (Docket No. 1). Presently before the Court are several pretrial motions filed by the defense including: Motion to Preserve Law Enforcement's Rough Notes, (Docket No. 49); Motion for Pretrial Discovery, (Docket No. 50); Motion for Production of Exculpatory Evidence and Impeachment Evidence, (Docket No. 51); Motion to Reveal Identity of Confidential Informants, (Docket No. 52); Motion to Produce Evidence with the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, (Docket No. 53); and Motion for Disclosure of Grand Jury Testimony, (Docket No. 72). The parties submitted pre-hearing briefing on the motions, (Docket Nos. 54; 65), the Court held a motion hearing on October 30, 2019, (Docket No. 67), the official transcript of was filed on November 29, 2019, (Docket No. 74), which has been reviewed and considered by the Court, and the Government has made several post-hearing disclosures of information subsequent to the hearing, as detailed in status reports filed on November 18, 2019 and December 16, 2019, (Docket Nos. 70; 78). After careful consideration of the parties' positions, the Court makes the following rulings:

1. Defendant's Motion to Preserve Law Enforcement's Rough Notes [49] is DENIED, as moot, the Government having confirmed in its Response, at the motion hearing and in the November 18, 2019 status report that the involved federal law enforcement officers have been directed to preserve any rough notes and the involved local law enforcement officers have reviewed their files and no such rough notes exist. (*See* Docket No. 70 at 2 ("at the October 30, 2019 hearing, counsel for the defendant requested that counsel for the government 'double check' that no field notes existed from the City of Farrell police officers. FBI Task Force Officer Embree confirmed that no field notes exist for any officer, and this information was relayed to counsel for the defendant, again via email, on November 2, 2019.")).

2. Defendant's Motion for Pretrial Discovery [50] is DENIED, as moot, the Government having satisfied the defense's pretrial discovery requests, including those directed to the Pennsylvania State Police Crime Lab in Erie concerning the narcotics testing; and those made to NMS Labs in Willowbrook, Pennsylvania regarding the blood draw results. (*See* Docket Nos. 70 (as to PSP requests); 78 (as to NMS Labs requests)).

3. Defendant's Motion for Production of Exculpatory Evidence and Impeachment Evidence, (Docket No. [51]) is DENIED, as premature, and without prejudice, as the Government has agreed to produce any such information within one week of trial and the Court will establish deadlines for the Government's production of *Brady*/*Giglio*/Rule 404(b) and impeachment evidence in its Pretrial Order, which has yet to be entered. To the extent that Defendant seeks early disclosure of Jencks Act material, the same is denied, as premature, the Court having no authority to order production of such materials until after the witness testifies on direct examination. *See* 18 U.S.C. § 3500(b); *see also United States v. Maury,*

695 F.3d 227, 247-48 (3d Cir. 2012). With that said, the Court encourages the Government to make early production of Jencks Act material and appreciates its agreement to voluntarily produce same one week prior to trial. (*See* Docket No. 54 at 8 ("the United States will voluntarily turn over the Jencks and other impeachment materials of its witnesses that will be called at trial one week prior to the start of the trial. If additional Jencks/Brady statements are developed thereafter, they will be made available, to the extent practicable, prior to the witness testifying on direct examination.")).

4. Defendant's Motion to Reveal Identity of Confidential Informants [52] is DENIED, as moot, the Government having confirmed that no confidential informants were utilized in the investigation of this case. (*See* Docket No. 54 at 14 ("the defendant's request for disclosure of information pertaining to any confidential informant is moot, as this case did not result from the use of any confidential informant, and there is no confidential informant.")).

5. Defendant's Motion to Produce Evidence with the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 [53], is DENIED, as premature, and without prejudice, for reasons set forth in ¶ 3, above.

6. Defendant's Motion for Disclosure of Grand Jury Testimony [72] is DENIED, as he has failed to meet his burden to demonstrate a "particularized need" for the disclosure of secret grand jury testimony of an individual whom the Government asserts will not be testifying at trial. The Court is only authorized to grant access to grand jury materials under the narrow circumstances set forth in Rule 6(e)(3)(E), which includes disclosure "preliminarily to or in connection with a judicial proceeding." *See* FED. R. CRIM. P. 6(e)(3)(E)(i). The prevailing caselaw holds that a litigant seeking access to sealed grand jury records under

this provision carries the burden to demonstrate a "particularized need that outweighs the public's interest in secrecy." *United States v. Norian Corp.*, 709 F. App'x 138, 140 (3d Cir. 2017) (quoting *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989)) (further quotations and citations omitted). "To prove particularized need, the party must demonstrate that (1) 'the material they seek is needed to avoid a possible injustice in another judicial proceeding;' (2) 'the need for disclosure is greater than the need for secrecy;' and (3) 'their request is structured to cover only the materials so needed.'" *Norian Corp.*, 709 F. App'x at 142 (quoting *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)).

In this Court's estimation, Defendant has not met his burden to meet any of these factors because he has only offered speculation that the unidentified grand jury witness provided exculpatory testimony before the grand jury that would be helpful to his defense at trial. However, "suggestion[s] of impropriety and speculation about what the grand jury transcripts may reveal are insufficient to establish a particularized need for disclosure." *United States v. Woodley*, 2016 WL 323676, at \*5 (W.D. Pa. Jan. 25, 2016) (citing *United States v. Minerd*, 299 F. App'x 110, 111-12 (3d Cir. 2008)) (Diamond, J.). As this Court held previously, the Government is under no obligation to present exculpatory evidence during its one-sided presentation to the grand jury, the primary purpose of which is to present inculpatory evidence supporting the return of an indictment. *See United States v. Kubini*, 19 F. Supp. 3d 579, 621 (W.D. Pa. May 13, 2014) (citing *United States v. Williams*, 504 U.S. 36, 50 (1992)). Hence, the mere fact that defense counsel was able to develop what he believes is exculpatory evidence through cross-examination of a law enforcement officer at the detention hearing is not sufficient to show that the grand jury transcript of a

different law enforcement officer, who was not subject to cross-examination, would include exculpatory testimony.

Further, the prosecutor has asserted, as an officer of the court, that the grand jury witness will not be called at Defendant's trial and "the grand jury testimony at issue has almost no utility to the government for trial preparation purposes." (Docket No. 75 at 12, n.3). As noted above, the Court's Pretrial Order will direct the Government to produce any *Brady* evidence on a date certain in advance of trial and the Government may be subject to sanctions should it disregard such an order. *See e.g., United States v. Kubini*, Cr. No. 11-14, 2017 WL 2573872 (W.D. Pa. Jun. 14, 2017), *reconsideration denied*, 2018 WL 4282852 (W.D. Pa. Sept. 7, 2018). For essentially the same reasons, the Court finds that an in camera review of the secret grand jury materials based upon speculative assertions that the transcript may contain exculpatory information is inappropriate. *See United States v. Georgiou*, 777 F.3d 125, 141 (3d Cir. 2015) ("Pure speculation that exculpatory information might exist is insufficient to sustain a Brady claim."); *see also United States v. Andrus*, 775 F.2d 825, 843 (7th Cir.1985) ("'Mere speculation that a government file may contain Brady material is not sufficient to require a remand for in camera inspection, much less reversal for a new trial.'") (quoting *United States v. Navarro*, 737 F.2d 625 (7th Cir.1984), *cert. denied*, 469 U.S. 1020, 105 S.Ct. 438, 83 L.Ed.2d 364 (1984)).

7. A Status Conference is set for **<u>Thursday, January 16, 2020 at 1:00 p.m.</u>** in Courtroom 5B before Judge Nora Barry Fischer. <u>Presence of Defendant Michael Joseph Hamlett at such proceeding is required</u>.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: January 14, 2020

cc/ecf:  all counsel of record.

Michael Joseph Hamlett c/o Jay Finkelstein, AFPD.